The Honorable Robert H. Whaley

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 20 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CECILIA L. WIMER,<br><br>    Plaintiff,<br><br>    v.<br><br>INFLATION SYSTEMS, INC.<br><br>    Defendant. | NO. CV-05-285-RHW<br><br>CONSENT PROTECTIVE ORDER |

THIS CAUSE coming on before the undersigned, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by consent of the parties, the Court finds and orders as follows:

1. The parties have agreed that certain documents which the parties have produced or will produce in the course of discovery in this case contain confidential information including the following:

   a. Plaintiff's medical records and health care information derived therefrom; and

CONSENT PROTECTIVE ORDER
(CV-05-285-RHW) - 1

LAW OFFICES
MILLER, DEVLIN & MCLEAN P.S.
201 W. NORTH RIVER DRIVE, SUITE 500
SPOKANE, WASHINGTON 99201-2266
(509) 327-5591

  b. The contents of the personnel files and other human resource department records, including records which concern medical information, restrictions or limitations, of any other current or former employees of Defendant.

2. Counsel shall designate for the other party those materials produced in discovery which counsel believes is subject to this Order and, where possible, will stamp the material as "Confidential" before producing the material. Documents produced without designation may be subsequently designated as "Confidential" by counsel and no protections under this Order are waived.

3. All material designated confidential that is inspected or received by counsel for any party pursuant to discovery shall be retained by counsel for the receiving party and shall not be disclosed to any one other than:

  a. Counsel for the parties engaged in conducting this litigation and their clerical, secretarial, and paralegal personnel;

  b. Principals, officers and employees of the parties whose assistance is required by counsel in conducting this litigation;

  c. Such experts as the parties may deem appropriate and such persons within such experts' firms whose assistance is required by such experts, provided such experts have been retained by a party or counsel of a party and provided the designated experts and their

CONSENT PROTECTIVE ORDER
(CV-05-285-RHW) - 2

assistants, before disclosure, acknowledge they are familiar with the terms of this Protective Order and agree to abide by its terms;

    d.    Court reporters;

    e.    The Court and the regularly employed staff of the Court; and

    f.    Any other person as to whom the parties may agree in writing.

4.    No person shall disclose any material designated confidential except as provided in paragraph 2 above, without order of the Court or written consent from counsel for the designating party.

5.    No person shall make use of any materials designated confidential, other than in preparation for and at trial or other hearing, without order of the Court or written consent from counsel for the designated party.

6.    In the event a party disagrees with the claim of confidentiality, the objecting party may apply to the Court for an order to make the material available without restriction.

7.    Any material designated confidential that is submitted to the Court in this case shall be filed in a sealed envelope bearing suitable identification and should not be available to persons other than as authorized herein.

8.    During the course of litigation, any and all material designated confidential, including copies thereof and any extracts, summaries, compilations, notes, charts or graphs taken therefrom, shall be retained by the receiving party's

CONSENT PROTECTIVE ORDER  
(CV-05-285-RHW) - 3

counsel and maintained at that counsel's office. Counsel for the receiving party shall not permit any materials designated or marked confidential, whatever their form, to be removed or transmitted from the receiving party's counsel's office except for purposes of transporting such materials to a hearing before the Court, deposition, settlement conference, home office, or as the parties may otherwise agree.

9. Within thirty (30) days after the final termination of this litigation, all material designated confidential furnished by one party to another, including copies thereof and any extracts, summaries, compilations, charts or graphs taken therefrom, but excluding any materials which in good faith judgment of counsel are work product materials, shall be returned to counsel for the furnishing party. All materials which in good faith judgment of counsel are work product materials shall be destroyed and their destruction certified by counsel.

It is so Ordered.

Done this 20th day of December, 2005.

By _____
THE HONORABLE ROBERT H. WHALEY

CONSENT PROTECTIVE ORDER
(CV-05-285-RHW) - 4

LAW OFFICES
MILLER, DEVLIN & MCLEAN P.S.
201 W. NORTH RIVER DRIVE, SUITE 500
SPOKANE, WASHINGTON 99201-2266
(509) 327-5591

1  Stipulated to this 29th day of November, 2005.

2  LACY & KANE                              WOMBLE CARLYLE SANDRIDGE &
3                                           RICE, PLLC
4  By ___s/ Stewart R. Smith_____     By ___s/ D. Ross Hamilton, Jr._____
       Stewart R. Smith, WSBA #22746             D. Ross Hamilton, Jr.
5      Attorney for Plaintiff
                                            MILLER, DEVLIN & MCLEAN, P.S.
6
7                                           By ___s/ J. Scott Miller_____
                                                J. Scott Miller, WSBA #14620
8                                               Attorneys for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CONSENT PROTECTIVE ORDER
(CV-05-285-RHW) - 5

LAW OFFICES
MILLER, DEVLIN & MCLEAN P.S.
201 W. NORTH RIVER DRIVE, SUITE 500
SPOKANE, WASHINGTON 99201-2266
(509) 327-5591